**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

SELECTIVE INSURANCE COMPANY OF
AMERICA,

               Plaintiff,

      vs.

HYDRO VAC SERVICES, LLC d/b/a
GROUNDBREAKERS HERO FLEET LLC,
DOUGLAS TAYLOR, HOOSIERVAC, LLC
AND HOOSIERX, LLC.

               Defendants.

Case No. 2:25-cv-304

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Selective Insurance Company of America ("Selective") seeks a declaratory

judgment that it is not obligated under the terms of an insurance policy to defend or indemnify the

defendants Hydro Vac Services, LLC d/b/a Groundbreakers, Hero Fleet LLC ("Groundbreakers")

and Douglas Taylor ("Taylor," and with Groundbreakers, the "Groundbreakers Defendants")

against the claims asserted against the Groundbreakers Defendants in an underlying civil action

pending in the United States District Court for the Northern District of Indiana, Hammond

Division.

**NATURE OF THE ACTION**

1.      This is an action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, seeking a judicial declaration concerning coverage under an insurance policy issued by

Selective.

2.      Selective issued an insurance policy bearing Policy No. S 2624437 to Hydro Vac

Services, LLC DBA Groundbreakers Hero Fleet LLC with stated effective dates from February

15, 2024, to February 15, 2025 (the "Selective Policy"). A true and accurate copy of the Selective Policy is attached hereto as Exhibit 1.

3. Groundbreakers has sought coverage for the Groundbreakers Defendants under the Selective Policy for a lawsuit brought against the Groundbreakers Defendants and other non-insured defendants by HoosierVac, LLC and HoosierX, LLC (the "Hoosier Defendants") in the United States District Court for the Northern District of Indiana, entitled *HoosierVac, LLC and HoosierX, LLC v. Stephen Scott, et al.,* Case No. 2:24-cv-00424 (the "Underlying Lawsuit"). A true and accurate copy of the Verified Second Amended Complaint, which as of the time of this filing is the operative complaint in the Underlying Lawsuit (the "Underlying Complaint"), is attached hereto as Exhibit 2.

4. Groundbreakers notified Selective of the Underlying Lawsuit on April 7, 2025 and requested that Selective provide coverage under the Selective Policy against the claims asserted in the Underlying Lawsuit. A true and accurate copy of Groundbreaker's notification to Selective is attached hereto as Exhibit 3.

5. By letter dated May 16, 2025, Selective explained that the Selective Policy does not provide coverage for the claims asserted in the Underlying Complaint and, thus, Selective did not have an obligation to defend or indemnify the Groundbreakers Defendants against the claims asserted by the Hoosier Defendants in the Underlying Lawsuit. Nevertheless, Selective has offered to presently fund the Groundbreakers Defendants' defense of the Underlying Lawsuit, subject to a full reservation of rights, including the right to bring this declaratory judgment action and to terminate funding the defense and recoup defense costs. A true and accurate copy of Selective's May 16, 2025 letter is attached hereto as Exhibit 4.

6. An actual and justiciable controversy exists between the parties. The Groundbreakers Defendants contend that Selective is obligated to defend and indemnify the Groundbreakers Defendants against the claims of the Underlying Complaint. Selective, however, contends that it has no such obligations under the Selective Policy because: (a) the claims asserted in the Underlying Complaint do not potentially fall within the scope of coverage provided by the Selective Policy, (b) the pertinent facts that form the basis for the claims asserted in the Underlying Lawsuit occurred outside the effective policy period of the Selective Policy, and (c) various Exclusions of the Selective Policy apply to exclude coverage for the claims.

**PARTIES**

7. Plaintiff Selective is an insurance company incorporated under the laws of the State of New Jersey and with its principal place of business in New Jersey. Accordingly, for purpose of diversity jurisdiction, Selective is a citizen of the State of New Jersey.

8. Defendant Groundbreakers is a limited liability company formed under the laws of the State of Indiana, with its principal place of business located in Indianapolis, Indiana. Andrea Sloan is the President and sole owner/member of Hydro Vac Services, LLC and resides within the State of Indiana. Accordingly, for purpose of diversity jurisdiction, Groundbreakers is a citizen of the State of Indiana.

9. Defendant Douglas Taylor is an individual residing at 341 South Tower Street in Trafalgar, Indiana. Accordingly, for purposes of diversity jurisdiction, Douglas Taylor is a citizen of the State of Indiana.

10. Defendant HoosierVac is a limited liability company formed under the laws of the State of Indiana, with its principal place of business located in Camden, Indiana. Lauren Mullins

-3-

is the sole owner of HoosierVac and resides within the State of Indiana. Accordingly, for purpose of diversity jurisdiction, HoosierVac is a citizen of the State of Indiana.

11. Defendant HoosierX is a limited liability company formed under the laws of the State of Indiana, with its principal place of business located in Delphi, Indiana. Christopher Mullins is the sole owner of HoosierX and resides within the State of Indiana. Accordingly, for purpose of diversity jurisdiction, HoosierX is a citizen of the State of Indiana.

12. The Hoosier Defendants are named here only to the extent they are considered necessary parties and to be bound by the rulings of this court. Selective is not seeking any affirmative relief from the Hoosier Defendants.

## JURISDICTION AND VENUE

13. Jurisdiction over this action exists by virtue of 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14. This Court has the authority and jurisdiction to declare the parties' rights and obligations as requested herein pursuant to 28 U.S.C. §§ 2201 and 2202.

15. This Court has personal jurisdiction over the Defendants because Groundbreakers', HoosierVac's, and HoosierX's principal places of business are in the State of Indiana, respectively, and Taylor resides in Indiana and the facts and circumstances giving rise to this action concern underlying conduct that occurred in Indiana and an underlying lawsuit pending in this District.

16. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this District. Venue is further appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this controversy occurred in this District.

-4-

17. An actual and justiciable controversy exists between Selective and the Groundbreakers Defendants concerning their respective rights and liabilities under the Selective Policy.

## FACTUAL ALLEGATIONS

### The Underlying Lawsuit

18. The Hoosier Defendants initiated the Underlying Lawsuit by filing a complaint against numerous non-insured defendants in Indiana State Court, Carroll Circuit Court on November 13, 2024 (the "Original Complaint"). The Original Complaint asserted the following claims: Count One – Antitrust; Count Two – IC 22-6-6, Indiana Right to Work Statute; Count Three – Breach of Contract; and Count Four – Defamation and Other Unlawful Acts. A true and accurate copy of the initial complaint is attached hereto as Exhibit 5.

19. The Original Complaint alleged that, as part of the anti-trust/anti-competition conspiracy, one of the non-insured defendants made defamatory statements as early as June 2023.

20. On December 3, 2024, the case was removed to the United States District Court for the Northern District of Indiana.

21. On February 28, 2025, the Hoosier Defendants filed a Verified Second Amended Complaint, which, as noted above, is referred to herein as the "Underlying Complaint." In addition to the other non-insured defendants, the Underlying Complaint, for the first time, named the Groundbreakers Defendants as defendants in the Underlying Lawsuit.

22. The Underlying Complaint asserts the following claims against the Groundbreakers Defendants: (1) Violation of Section 1 of the Sherman Act (15 U.S.C. § 1); (2) Monopolization or Attempted Monopolization (15 U.S.C. § 2); (3) Tortious Interference with Contract and Prospective Business Relations; (4) Breach of Contract and Breach of Implied Covenant of Good

Faith and Fair Dealing (I.C.A. 26-1-1-203 & I.C.A. 26-1-2-719); and (5) 5 § U.S.C.A.a. and 5 § U.S.C.A.a.(i)(1) – Violation of the Privacy Act. Although the Original Complaint had asserted a cause of action for defamation against the original defendants, the Underlying Complaint does not assert a cause of action for defamation against any defendants.

23.     The Underlying Complaint alleges that the alleged conspiracy "involved actions such as price-fixing, customer allocation, and interference with contractual relationships, all aimed at restraining trade and monopolizing the market in violation of the Sherman Act. The defendants collectively orchestrated a series of anticompetitive practices, including an agreement to fix prices for services, eliminating competition and artificially inflating prices to the detriment of consumers and competitors[.]" (Ex. 2, ¶ 27.)

24.     The Underlying Complaint further alleges that "[i]n furtherance of this conspiracy, Defendants engaged in traditional antitrust violations such as group secondary boycotts, limited Plaintiffs and others access to the hydrovac market, interfering with hydrovac end users to eliminate or limit competition into the market, depress innovations, and other tactics such as the deliberate interference with existing contracts, defamatory communications to third parties, breach of obligations arising from the CBA contract, interfering with witness[es] relevant to this action and targeted obstruction of Plaintiffs and others from hydrovac work." (Ex 2, ¶ 11.)

25.     The Underlying Complaint further alleges that Defendants "have created a closed market environment that suppresses competition, elevates prices, stifles innovation, and restricts Plaintiffs' ability to grow and meet contractual obligations for critical clients[.]" (Ex. 2, ¶ 13.)

26.     The Underlying Complaint further alleges that as a result of Defendants' conduct, "Plaintiffs have suffered significant harm, including the loss of existing and prospective business relationships due to dissemination of confidential information to competitors and other third

parties. It also included reputational damage resulting from the perception of Plaintiffs' inability to protect employee data and maintain operational confidentiality, and increased operational costs associated with addressing the fallout from the unauthorized data sharing, including legal fees and efforts to mitigate further breaches." (Ex. 2, p. 26.)

27. The Underlying Complaint alleges that in early 2022, Groundbreakers approached the Hoosier Defendants about potentially purchasing it, but Groundbreakers rejected the price and the sale fell through. (Ex. 2, p. 17.)

28. The Underlying Complaint further alleges that after the sale fell through, Groundbreakers attempted to have the Hoosier Defendants thrown off a job on a major gas project. (Ex. 2, p. 17.)

29. In the Underlying Complaint, the Hoosier Defendants assert five causes of action against all underlying defendants including the Groundbreakers Defendants: (1) Violation of Section 1 of the Sherman Act (15 U.S.C. § 1); (2) Monopolization or Attempted Monopolization (15 U.S.C. § 2); (3) Tortious Interference with Contract and Prospective Business Relations; (4) Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing (I.C.A. 26-1-1-203 & I.C.A. 26-1-2-719); and (5) 5 § U.S.C.A.a. and 5 § U.S.C.A.a.(i)(1) – Violation of the Privacy Act.

30. In the Underlying Lawsuit, the Hoosier Defendants seek (1) declaratory relief that all underlying defendants' actions, including the Groundbreakers Defendants' actions, violate federal and state antitrust laws; (2) an injunction preventing Defendants from continuing their practices; (3) monetary relief including (a) treble damages; (b) attorneys' fees; (c) costs; (d) interest; (e) lost profits; (f) reputational harm; and (g) consequential damages.

**The Selective Policy**

31.    Selective issued a commercial insurance policy, bearing Policy No. S 2624437 to Hydro Vac Services, LLC DBA Groundbreakers Hero Fleet LLC, with stated effective dates from February 15, 2024 to February 15, 2025.

32.    Subject to, among other things, its terms, conditions, retentions, limitations, and exclusions, the Selective Policy's Coverage A ("Coverage A") provides in relevant part:

> **COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.    Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But: . . .
>
> \*    \*    \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage
>
> territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period[.]"

33.    The Policy defines "bodily injury," as amended by Endorsement CG 73 00 10 23, to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. This includes mental anguish resulting from any bodily injury, sickness or disease sustained by a person."

34.    The Policy defines "property damage" as, in part:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

35.    Subject to, among other things, its terms, conditions, retentions, limitations, and exclusions, the Selective Policy's Coverage B ("Coverage B") provides in relevant part:

**COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.    Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But: . . . .

\*    \*    \*

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\*    \*    \*

36.    The Policy defines "personal and advertising injury" as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses:"

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

-9-

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

37. Coverage B includes exclusions for "Material Published Prior to Policy Period" and "Access or Disclosure of Confidential or Personal Information."

38. The Material Published Prior to Policy Period Exclusion provides that "[t]his insurance does not apply to:"

**c. Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

39. The Selective Policy also includes other exclusions that apply to all of the coverages provided under the Selective Policy, including Coverage B.

40. The Selective Policy contains an Access or Disclosure of Confidential or Personal Information Exclusion by way of Endorsement CG 21 06 05 14 (the "Access or Disclosure Exclusion").

41. The Access or Disclosure Exclusion provides that "[t]his insurance does not apply to:"

**Access or Disclosure of Confidential or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

-10-

**Groundbreakers' Claim for Coverage**

42.    Groundbreakers tendered the Underlying Lawsuit to Selective, seeking defense and indemnification against the claims asserted in the Underlying Lawsuit against the Groundbreakers Defendants under the Selective Policy.

43.    By way of correspondence dated May 16, 2025, Selective disputed it had any obligation under the Selective Policy to defend or indemnify the Groundbreakers Defendants for the claims asserted in the Underlying Lawsuit. Nevertheless, Selective offered to fund the Groundbreakers Defendants' defense of the Underlying Lawsuit subject to a full reservation of rights, including the right to bring this declaratory judgment action and to terminate funding the defense and to recoup defense costs.

**COUNT ONE**
**(Declaratory Judgment – Duty to Defend –**
**No Coverage Under CGL Insuring Agreement A)**

44.    Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

45.    The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with a defense against the Underlying Lawsuit.

46.    Selective contends that it does not have any obligation to defend the Groundbreakers Defendants for the claims alleged in the Underlying Complaint because the Underlying Complaint does not allege facts that, if true, would establish that the Hoosier Defendants' injuries fall within the scope of the Selective Policy's Insuring Agreement A coverage grant because, among other things, the Underlying Complaint does not seek to hold the

-11-

Groundbreaker Defendants legally obligated to pay damages because of "bodily injury" or "property damage" arising from an "occurrence."

47.    Selective is entitled to a declaration that it owes no duty to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

## COUNT TWO
### (Declaratory Judgment – Duty to Indemnify – No Coverage Under CGL Insuring Agreement A)

48.    Selective hereby repeats and realleges Paragraphs 1 through 43 as if fully set forth herein.

49.    The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with indemnity against the Underlying Lawsuit.

50.    Selective contends that it does not have any obligation to indemnify the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because the Underlying Complaint does not allege facts that, if true, would establish that the Hoosier Defendants' injuries fall within the scope of the Selective Policy's Insuring Agreement A coverage grant because, among other things, the Underlying Complaint does not seek to hold the Groundbreaker Defendants legally obligated to pay damages because of "bodily injury" or "property damage" arising from an "occurrence."

51.    Selective is entitled to a declaration that it owes no duty to indemnify the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

## COUNT THREE
### (Declaratory Judgment – Duty to Defend –
### No "Personal and Advertising Injury" Under CGL Insuring Agreement B)

52.    Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

53.    The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with a defense against the Underlying Lawsuit.

54.    Selective contends that it does not have any obligation to defend the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because the Underlying Complaint does not allege facts that, if true, would establish that the Hoosier Defendants' injuries fall within the scope of the Selective Policy's definition of "personal and advertising injury."

55.    The Selective Policy does not require Selective to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit because it does not allege "personal or advertising injury."

56.    Selective is entitled to a declaration that it owes no duty to defend the Groundbreakers Defendants under Coverage B against the claims asserted in the Underlying Lawsuit.

## COUNT FOUR
### (Declaratory Judgment – Duty to Indemnify –
### No "Personal and Advertising Injury" Under CGL Insuring Agreement B)

57.    Selective hereby repeats and realleges Paragraphs 1 and 43 as if set forth fully herein.

58. The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with indemnification against the Underlying Lawsuit.

59. Selective contends that it does not have any obligation to indemnify the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because the Underlying Complaint does not allege facts that, if true, would establish that the Hoosier Defendants' injuries fall within the scope of the Policy's definition of "personal and advertising injury."

60. The Selective Policy does not require Selective to indemnify the Groundbreakers Defendants for the claims asserted in the Underlying Lawsuit because it does not allege "personal or advertising injury."

61. Selective is entitled to a declaration that it owes no duty to indemnify the Groundbreakers Defendants under Coverage B for the claims asserted in the Underlying Lawsuit.

**COUNT FIVE**
**(Declaratory Judgment – Duty to Defend –**
**No "Personal and Advertising Injury" During the Policy Period**
**Under CGL Insuring Agreement B)**

62. Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

63. The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with a defense against the Underlying Lawsuit.

64. Selective contends that it does not have any obligation to defend the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because even if the Underlying Complaint alleged facts that, if true, would establish that the Hoosier Defendants'

injuries fell within the scope of the Policy's definition of "personal and advertising injury," which it does not, any such "personal and advertising injury" falls outside of the effective dates of the Selective Policy.

65. Although Paragraph 11 alleges that in furtherance of their anti-trust/anti-competition conspiracy, "Defendants engaged in traditional antitrust violations" which included making "defamatory communications to third parties," the Underlying Complaint does not identify any specific defamatory statements and does not specifically assert that the Groundbreakers Defendants made any defamatory statements.

66. The Underlying Complaint alleges that the Defendants engaged in conduct constituting antitrust violations dating back to "early 2022."

67. The Coverage B Insuring Agreement of the Selective Policy provides that the Selective Policy "applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

68. The Selective Policy does not require Selective to defend the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because the Underlying Complaint does not allege a "personal and advertising injury," and even if it did, the Underlying Complaint does not allege "personal and advertising injury" that occurred during the policy period.

69. Selective is entitled to a declaration that it owes no duty to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

## COUNT SIX
### (Declaratory Judgment – Duty to Indemnify –
### No "Personal and Advertising Injury" During the Policy Period
### Under CGL Insuring Agreement B)

70. Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

71. The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with indemnity against the Underlying Lawsuit.

72. Selective contends that it does not have any obligation to indemnify the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because even if the Underlying Complaint alleged facts that, if true, would establish that the Hoosier Defendants' injuries fell within the scope of the Policy's definition of "personal and advertising injury," which it does not, any such "personal and advertising injury" falls outside of the effective dates of the Selective Policy.

73. Although Paragraph 11 alleges that in furtherance of their anti-trust/anti-competition conspiracy, "Defendants engaged in traditional antitrust violations" which included making "defamatory communications to third parties," the Underlying Complaint does not identify any specific defamatory statements and does not specifically assert that the Groundbreakers Defendants made any defamatory statements.

74. The Underlying Complaint alleges that the underlying defendants engaged in conduct constituting antitrust violations dating back to "early 2022."

75. The Coverage B Insuring Agreement of the Selective Policy provides that the Selective Policy "applies to 'personal and advertising injury' caused by an offense arising out of

-16-

your business but only if the offense was committed in the 'coverage territory' during the policy period."

76.     The Selective Policy does not require Selective to indemnify the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because the Underlying Complaint does not allege a "personal and advertising injury," and even if it did, the Underlying Complaint does not allege "personal and advertising injury" that occurred during the policy period.

77.     Selective is entitled to a declaration that it owes no duty to indemnify the Groundbreakers Defendants for the claims asserted in the Underlying Lawsuit.

**COUNT SEVEN**
**(Declaratory Judgment – Duty to Defend –**
**Material Published Prior to Policy Period Under CGL Insuring Agreement B)**

78.     Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

79.     The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with a defense against the Underlying Lawsuit.

80.     Selective contends that it does not have any obligation to defend the Groundbreakers Defendants for claims alleged in the Underlying Lawsuit because the Material Published Prior to Policy Period Exclusion bars coverage for all of the claims asserted against the Groundbreakers Defendants in the Underlying Lawsuit.

81.     The Original Complaint filed by the Hoosier Defendants in Indiana State Court alleged that one of the non-insured defendants made defamatory statements as early as June 2023. (Ex. 5, pp. 9-10.)

82.    The Underlying Complaint does not identify any defamatory statements at all, nor does it specifically assert that the Groundbreakers Defendants made any defamatory statements.

83.    The Underlying Complaint states facts relating to its claims for damages arising out of alleged antitrust violations dating back to "early 2022." (Ex. 2, p. 17.)

84.    The Selective Policy does not require Selective to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit because the Material Published Prior to Policy Period Exclusion of the Selective Policy excludes coverage for "personal and advertising injury" "arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period."

85.    Selective is entitled to a declaration that it owes no duty to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

### COUNT EIGHT
**(Declaratory Judgment – Duty to Indemnify –
Material Published Prior to Policy Period Under CGL Insuring Agreement B)**

86.    Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

87.    The Groundbreakers Defendants contends that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with indemnification against the Underlying Lawsuit.

88.    Selective contends that it does not have any obligation to indemnify the Groundbreakers Defendants for claims alleged in the Underlying Lawsuit because the Material Published Prior to Policy Period Exclusion bars coverage for all of the claims asserted against the Groundbreakers Defendants in the Underlying Lawsuit.

89.     The Original Complaint filed by the Hoosier Defendants in Indiana State Court alleged that one of the non-insured defendants made defamatory statements as early as June 2023. (Ex. 5, pp. 9-10.)

90.     The Underlying Complaint does not identify any defamatory statements at all, nor does it specifically assert that the Groundbreakers Defendants made any defamatory statements.

91.     The Underlying Complaint states facts relating to its claims for damages arising out of alleged antitrust violations dating back to "early 2022." (Ex. 2, p. 17.)

92.     The Selective Policy does not require Selective to indemnify the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit because the Material Published Prior to Policy Period Exclusion of the Selective Policy excludes coverage for "personal and advertising injury" "arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period."

93.     Selective is entitled to a declaration that it owes no duty to indemnify the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

### COUNT NINE
**(Declaratory Judgment – Duty to Defend --
Access or Disclosure Exclusion Under CGL Insuring Agreement B)**

94.     Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

95.     The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with a defense against the Underlying Lawsuit.

96.     Selective contends that it does not have any obligation to defend the Groundbreakers Defendants for claims alleged in the Underlying Lawsuit because even if the Underlying Complaint alleged a "personal and advertising injury" during the policy period, which

it does not, the Access or Disclosure Exclusion bars coverage for all of the claims asserted against the Groundbreakers Defendants in the Underlying Lawsuit.

97.    The Underlying Complaint seeks to recover damages arising out of violations of privacy.

98.    The Underlying Complaint alleges that the underlying defendants participated in unauthorized sharing of data including confidential employee information, work locations, and operational strategies of the Hoosier Defendants.

99.    The Selective Policy does not require Selective to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit because the Access or Disclosure Exclusion of the Selective Policy excludes coverage for "personal and advertising injury" "arising out of any access to or disclosure of any person's or organization's confidential or personal information[.]" Such claims are excluded by the Access or Disclosure Exclusion endorsement, which applies even when "damages are claimed for . . . any . . . loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information."

100.    Selective is entitled to a declaration that it owes no duty to defend the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

**COUNT TEN**
**(Declaratory Judgment – Duty to Indemnify –**
**Access or Disclosure Exclusion Under CGL Insuring Agreement B)**

101.    Selective hereby repeats and realleges Paragraphs 1 through 43 as if set forth fully herein.

102.    The Groundbreakers Defendants contend that, under the Selective Policy, Selective is obligated to provide the Groundbreakers Defendants with indemnification against the Underlying Lawsuit.

103.    Selective contends that it does not have any obligation to indemnify the Groundbreakers Defendants for the claims alleged in the Underlying Lawsuit because even if the Underlying Complaint alleged a "personal and advertising injury," which it does not, the Access or Disclosure Exclusion bars coverage for all of the claims asserted against Groundbreakers in the Underlying Lawsuit.

104.    The Underlying Lawsuit seeks to recover damages arising out of violations of privacy.

105.    The Underlying Complaint alleges that the underlying defendants participated in unauthorized sharing of data including confidential employee information, work locations, and operational strategies of the Hoosier Defendants.

106.    The Selective Policy does not require Selective to indemnify the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit because the Access or Disclosure Exclusion of the Selective Policy excludes coverage for "personal and advertising injury" "arising out of any access to or disclosure of any person's or organization's confidential or personal information[.]" Such claims are excluded by the Access or Disclosure Exclusion endorsement, which applies even when "damages are claimed for . . . any . . . loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information."

107.    Selective is entitled to a declaration that it owes no duty to indemnify the Groundbreakers Defendants against the claims asserted in the Underlying Lawsuit.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, pursuant to 28 U.S.C. §§ 2201 and 2202, Selective respectfully prays for judgment in its favor as follows:

i)    As to Count One, a declaration that the claims asserted in the Underlying Lawsuit do not fall within the scope of coverage of Insuring Agreement A of the Selective Policy and, accordingly, Selective is not obligated to defend the Groundbreakers Defendants against the Underlying Lawsuit;

ii)   As to Count Two, a declaration that the claims asserted in the Underlying Lawsuit do not fall within the scope of coverage of Insuring Agreement A of the Selective Policy and, accordingly, Selective is not obligated to indemnify the Groundbreakers Defendants against the Underlying Lawsuit;

iii)  As to Count Three, a declaration that Selective is not obligated to defend the Groundbreakers Defendants against the Underlying Lawsuit because the allegations of the Underlying Complaint do not allege "personal and advertising injury";

iv)   As to Count Four, a declaration that Selective is not obligated to indemnify the Groundbreakers Defendants against the Underlying Lawsuit because the allegations of the Underlying Complaint do not allege "personal and advertising injury";

v)    As to Count Five, a declaration that Selective is not obligated to defend the Groundbreakers Defendants against the Underlying Lawsuit because the allegations of the Underlying Complaint do not allege "personal and advertising injury" that occurred during the policy period;

vi)   As to Count Six, a declaration that Selective is not obligated to indemnify the Groundbreakers Defendants against the Underlying Lawsuit because the allegations of the Underlying Complaint do not allege "personal and advertising injury" that occurred during the policy period;

vii)  As to Count Seven, a declaration that the Selective Policy's Material Published Prior to Policy Period Exclusion applies to the facts and claims alleged in the Underlying Lawsuit and, accordingly, Selective is not obligated to defend the Groundbreakers Defendants against the Underlying Lawsuit;

viii) As to Count Eight, a declaration that the Selective Policy's Material Published Prior to Policy Period Exclusion applies to the facts and claims alleged in the Underlying Lawsuit and, accordingly, Selective is not obligated to indemnify the Groundbreakers Defendants against the Underlying Lawsuit;

ix)   As to Count Nine, a declaration that the Selective Policy's Access Or Disclosure Of Confidential Or Personal Information Exclusion applies to the facts and claims alleged in the Underlying Lawsuit and, accordingly, Selective is not obligated to defend the Groundbreakers Defendants against the Underlying Lawsuit;

x)    As to Count Ten, a declaration that the Selective Policy's Access Or Disclosure Of Confidential Or Personal Information Exclusion applies to the facts and claims alleged in the Underlying Lawsuit and, accordingly,

-22-

Selective is not obligated to indemnify the Groundbreakers Defendants against the Underlying Lawsuit;

xi)    Awarding such other relief as the Court may deem just, equitable, and proper.

Dated: July 10, 2025                    Respectfully submitted:

SELECTIVE INSURANCE COMPANY OF AMERICA


/s/    *Dennis M. Dolan*
        Dennis M. Dolan, One of Its Attorneys

Dennis M. Dolan (34423-45)
LITCHFIELD CAVO LLP
3235 45th Street, Suite 302
Highland, IN 46322-3285
Phone:  (219) 301-2137
Email:  Dolan@LitchfieldCavo.com